1

2

3

4

5

6

7

8                          IN THE UNITED STATES DISTRICT COURT

9                         FOR THE EASTERN DISTRICT OF CALIFORNIA

10    KEVIN BARTHOLOMEW,

11             Petitioner,                    No. CIV S-09-1397 GEB GGH P

12         vs.

13    J. W. HAVILAND,

14             Respondent.              FINDINGS AND RECOMMENDATIONS

15    _____/

16    I.  Introduction

17             Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas

18    corpus pursuant to 28 U.S.C. § 2254.  Petitioner challenges a 2007 prison disciplinary conviction

19    for possession of a controlled substance (marijuana).  Petitioner alleges that his right to due

20    process was violated because two violations of the California Code of Regulations occurred in

21    connection with the disciplinary hearing.  In particular, petitioner argues that the hearing was not

22    held within thirty days of the alleged misconduct as required by Cal. Code of Regs. tit. 15, §

23    3320(a).  Petitioner also argues that he was not provided with the CDC 115 form within fifteen

24    days after discovery of the information leading to the charges as required by Cal. Code of Regs. §

25    3320(f)(1).

26    /////

1    Pending before the court is respondent's August 11, 2009, motion to dismiss.

2    Respondent argues that petitioner's claims are not exhausted and, in the alternative, that they are

3    procedurally defaulted.

4    After carefully reviewing the record, the court recommends that respondent's

5    motion be granted.

6    II.  Exhaustion

7    Respondent first argues that petitioner's claims are not exhausted.  The exhaustion

8    of state court remedies is a prerequisite to the granting of a petition for writ of habeas corpus.  28

9    U.S.C. § 2254(b)(1).  If exhaustion is to be waived, it must be waived explicitly by respondent's

10   counsel.  28 U.S.C. § 2254(b)(3).  A waiver of exhaustion, thus, may not be implied or inferred.

11   A petitioner satisfies the exhaustion requirement by providing the highest state court with a full

12   and fair opportunity to consider all claims before presenting them to the federal court.  Picard v.

13   Connor, 404 U.S. 270, 276,  92 S. Ct. 509, 512 (1971); Middleton v. Cupp, 768 F.2d 1083, 1086

14   (9th Cir.), cert. denied, 478 U.S. 1021 (1986).

15   Additionally, the petitioner must have specifically told the state court that he was

16   raising a federal constitutional claim.  Duncan v. Henry, 513 U.S. 364, 365-66, 115 S .Ct. 87,

17   888 (1995).  For example, if a petitioner wishes to claim that the trial court violated his due

18   process rights "he must say so, not only in federal court but in state court."  Duncan, 513 U.S. at

19   366, 115 S.Ct. at 888. A general appeal to a constitutional guarantee is insufficient to present the

20   "substance" of such a federal claim to a state court. See Anderson v. Harless, 459 U.S. 4, 7, 103

21   S.Ct. 276, 278 (1982); Gray v. Netherland, 518 U.S. 152, 162-63, 116 S.Ct. 2074, 2081 (1996)

22   ("a claim for relief in habeas corpus must include reference to a specific federal constitutional

23   guarantee, as well as a statement of the facts which entitle the petitioner to relief.").

24   In the habeas corpus petition filed in the California Supreme Court, petitioner

25   argued that his right to due process was violated by the two alleged violations of the California

26   Code of Regulations.  Motion to Dismiss, Exhibit 6.  Respondent argues that petitioner did not

1  exhaust these claims because he based them on violations of state law.  Respondent also appears

2  to suggest that petitioner failed to exhaust his state court remedies because he failed to cite a

3  federal case standing for the proposition that he has a constitutional right to a timely hearing and

4  timely notice of the charges.

5          In his state petition, petitioner correctly based his claims on a violation of the due

6  process clause of the Fourteenth Amendment.  Alleging a due process violation put the California

7  Supreme Court on notice that petitioner was raising a constitutional claim.  Petitioner was not

8  required to go on to cite case law in support of his claims in order to exhaust state court

9  remedies.  While petitioner's claims may have no merit because they are based on violations of

10  state law, petitioner adequately informed the California Supreme Court of the federal

11  constitutional grounds of his claim.  Accordingly, the court finds that petitioner's claims are

12  exhausted.

13  II.  Procedural Default

14          Respondent argues that petitioner's claims are procedurally defaulted.

15          Based on concerns of comity and federalism, federal courts will not review a

16  habeas petitioner's claims if the state court decision denying relief rests on a state law ground

17  that is independent of federal law and adequate to support the judgment.  Coleman v. Thompson,

18  501 U.S. 722, 729, 111 S. Ct. 2546, 2554 (1991); Harris v. Reed, 489 U.S. 255, 260-62, 109 S.

19  Ct. 1038, 1042-1043 (1989).  Generally, the only state law grounds meeting these requirements

20  are state procedural rules.  However, the procedural basis of the ruling must be clear.

21  Ambiguous reference to procedural rules is insufficient for invocation of procedural bar.

22  Calderon v. United States District Court (Bean), 96 F.3d 1126, 1131 (9th Cir. 1996).  Similarly,

23  where the procedural and merits analysis are intermixed, it cannot be said that the procedural bar

24  is independent of federal law, i.e., there is no plain statement of reliance on procedural bar.

25  Harris v. Reed, supra.

26  \\\\\

3

1    If there is an independent and adequate state ground for the decision, the federal

2  court may still consider the claim if the petitioner demonstrates:  (1) cause for the default and

3  actual prejudice resulting from the alleged violation of federal law, or (2) a fundamental

4  miscarriage of justice.  Harris, 489 U.S. at 262, 109 S. Ct. at 1043.  The existence of cause for a

5  procedural default must ordinarily turn on whether the prisoner can show that some objective

6  factor external to the defense impeded counsel's efforts to comply with the State's procedural

7  rule.  McCleskey v. Zant, 499 U.S. 467, 493-94, 111 S. Ct. 1454, 1476 (1991).  Examples of

8  cause include showings "that the factual or legal basis for a claim was not reasonably available to

9  counsel," "that some interference by officials made compliance impracticable," or "of ineffective

10  assistance of counsel."  Murray v. Carrier, 477 U.S. 478, 488, 106 S. Ct. 2639, 2645 (1986).

11  Prejudice is difficult to demonstrate:

12       The showing of prejudice required under Wainwright v. Sykes is
         significantly greater than that necessary under "the more vague
13       inquiry suggested by the words 'plain error.'"  Engle, 456 U.S., at
         135, 102 S.Ct., at 1575; Frady, supra, 456 U.S., at 166, 102 S.Ct.,
14       at 1593.  See also Henderson v. Kibbe, 431 U.S. 145, 154, 97 S.Ct.
         1730, 1736, 52 L.Ed.2d 203 (1977).  The habeas petitioner must
15       show "not merely that the errors at ... trial created a possibility of
         prejudice, but that they worked to his actual and substantial
16       disadvantage, infecting his entire trial with error of constitutional
         dimensions."  Frady, supra, at 170, 102 S.Ct., at 1596

17

18  Murray v Carrier, 477 U.S. at 493-494, 106 S. Ct. at 2648 (1986).

19       Although different phraseology is used in the default context from that used in the

20  ineffective assistance of counsel prejudice inquiry, as stated above, the ultimate application of the

21  two prejudice inquiries is essentially similar – that is, whether the prejudice is sufficient to have

22  undermined the reviewer's confidence in the result of the trial.

23       The Solano County Superior Court denied petitioner's habeas corpus petition on

24  grounds that petitioner failed to exhaust administrative remedies, citing In re Muszalski, 52

25  Cal.App.3d 500 (1975).  Motion to Dismiss, Exhibit 3.  The California Court of Appeal denied

26  petitioner's habeas corpus petition on grounds that petitioner failed to exhaust administrative

4

1    remedies, citing In re Dexter, 25 Cal.3d 921, 925 (1979) and In re Muszalski, 52 Cal.App.3d 500,

2    503-508 (1975), and also on grounds that he failed to provide an adequate record to enable an

3    informed review, citing People v. Duvall, 9 Cal.4th 464, 474 (1995).  Motion to Dismiss, Exhibit

4    5.  The California Supreme Court denied petitioner's habeas petition without comment or

5    citation.  Motion to Dismiss, Exhibit 7.

6            The United States Supreme Court has held that "[w]here there has been one

7    reasoned state judgment rejecting a federal claim, later unexplained orders upholding that

8    judgment or rejecting the same claim rest upon the same ground."  Ylst v. Nunnemaker, 501 U.S.

9    797, 803, 111 S.Ct. 2590, 2594 (1991).  Accordingly, this court considers whether petitioner's

10   claims are procedurally barred based on the citations in the opinion of the California Court of

11   Appeal, i.e. the last reasoned state judgment.

12           Although respondent argues that the citation to Duvall demonstrates that

13   petitioner's claims are procedurally barred based on his failure to provide an adequate record, for

14   the following reasons the court finds that the Duvall citation raises an issue of exhaustion of state

15   court remedies.

16           To satisfy the exhaustion requirement, a federal claim must be presented to the

17   appropriate state courts "in the manner required by the state courts, thereby 'afford[ing] the state

18   courts a meaningful opportunity to consider allegations of legal error[ ].'"  Casey v. Moore, 386

19   F.3d 896, 915-16 (9th Cir.2004), quoting Vasquez v. Hillery, 474 U.S. 254, 257, 106 S.Ct. 617,

20   620 (1986).  Where a state court advises a petitioner what must be done before a petition will be

21   reviewed on its merits, such advice must be followed unless the state courts are arbitrarily

22   finding procedural deficiencies.  Kim v. Villalobos, 799 F.2d 1317 (9th Cir.1986).

23           Petitioner attached several exhibits to his habeas corpus petition filed in the

24   California Supreme Court.  See Motion to Dismiss, Exhibit 6.  Petitioner attached a copy of the

25   rules violation report containing the record from the disciplinary hearing and a copy of his

26   administrative grievances regarding the hearing.  Id.  Petitioner also attached a copy of an

1   "Application for Restoration of Credits Form" and correspondences between himself and the

2   Warden regarding the rules violation hearing.  Id.  Petitioner also attached copies of the orders by

3   the California Court of Appeal and Solano County Superior Court denying his related habeas

4   petitions as well as a copy of the habeas petition filed in the Superior Court.  Id.

5          Petitioner appears to have attached every relevant document regarding the at-issue

6   disciplinary hearing and administrative grievance proceedings to his petition filed in the

7   California Supreme Court.  Interestingly, the exhibits attached to the habeas corpus petition filed

8   in the Superior Court are substantially similar yet the superior court did not find the petition

9   inadequately supported.  Motion to Dismiss, Exhibit 1 (petition filed in Superior Court).  In fact,

10  petitioner appears to have attached more exhibits to the petition filed in the California Supreme

11  Court.  In any event, it is not clear what additional documentation petitioner could have attached

12  to his petition filed in the California Supreme Court.  For that reason, the court finds that the

13  California Supreme Court's denial of petitioner's habeas petition on grounds that he failed to

14  provide an adequate record was arbitrary.  The citation to Duvall does not mean that the claims

15  raised in the instant petition are not exhausted.

16          Respondent next argues that the citations to Dexter and Muszalski, standing for

17  the proposition that petitioner failed to exhaust administrative remedies, demonstrate that the

18  petition is procedurally barred.  The rule in California that an inmate must exhaust his

19  administrative appeals is well established and has been applied since 1941.  See Abelleira v.

20  District Court of Appeal, 17 Cal.2d 280, 292 (1941).  The rule was firmly established at the time

21  of petitioner's default, and has been consistently applied.  See Dexter, 25 Cal.3d at 925; In re

22  Muszalski, 52 Cal.App.3d 500, 503; In re Serna, 76 Cal.App.3d 1010, 1014 (1978); Wright v.

23  State, 122 Cal.App.4th 659 (2004).  In addition, Dexter is based on state law and is independent

24  of federal law.  See Carter v. Giurbino, 385 F.3d 1194, 1197-1198 (9th Cir.2004) (a state rule is

25  independent where "[n]o federal analysis enters into the [rule's] equation").  Thus, the rule in

26  Dexter and Muszalski is an adequate and independent state ground that bars the undersigned

6

1  from reaching the merits of petitioner's claims.

2          However, pursuant to <u>Harris v. Reed</u>, 489 U.S. 255, 109 S.Ct. 1038 (1989), the

3  federal court may still consider the claims if petitioner demonstrates cause for the default and

4  actual prejudice or a fundamental miscarriage of justice.  489 U.S. at 262, 109 S. Ct. at 1043.

5          Petitioner argues that he was unable to exhaust administrative remedies because

6  he was unaware that he had lost time credits as a result of the May 2007 disciplinary conviction

7  until he filled out parole suitability paperwork in April 2008.  When he filed administrative

8  grievances in 2008 challenging the credit loss, his appeals were denied as untimely.  <u>See</u>

9  opposition, p. 10 of 34.  The findings by the state courts that petitioner failed to exhaust

10  administrative remedies are apparently based on the denial of his administrative grievances as

11  untimely.

12          "A showing of cause 'must ordinarily turn on whether the prisoner can show that

13  some objective factor external to the defense impeded [prisoner's] efforts to comply with the

14  State's procedural rule.'"  <u>Pizzuto v. Arave</u>, 280 F.3d 949, 975 (9th Cir.2002) (quoting <u>Murray v.</u>

15  <u>Carrier</u>, 477 U.S. 478, 488, 106 S.Ct. 2639, 2646 (1986)).  "Thus, cause is an external

16  impediment such as government interference or reasonable unavailability of a claim's factual

17  basis." <u>Id</u>. (citing <u>McCleskey v. Zant</u>, 499 U.S. 467, 497, 111 S.Ct. 1454, 1472 (1991)).

18          Petitioner argues that his default based on his failure to timely exhaust

19  administrative remedies should be excused because he did not learn the full scope of his

20  punishment until April 2008.  In essence, petitioner argues that the disciplinary conviction only

21  became relevant to him once he learned that he had been assessed time credits.  Petitioner

22  suggests a novel concept that one need not timely exhaust administrative remedies for allegedly

23  known defects in the disciplinary process until and unless one fully comprehends the impact of

24  the disciplinary determination.  Because the factual basis of his claims was known to him at the

25  time of the 2007 hearing, he could have filed timely administrative appeals.  For these reasons,

26  petitioner has not shown cause for his procedural default.

1         Default may also be excused if petitioner demonstrates that a fundamental

2 miscarriage of justice will occur if the court does not consider his claims.  Harris, 489 U.S. at

3 262, 109 S. Ct. at 1043.  For the following reasons, the court finds no miscarriage of justice.

4         Petitioner claims that he was charged with possession of a controlled substance on

5 April 7, 2007, but his disciplinary hearing was held more than 30 days later on May 14, 2007, in

6 violation of  Cal. Code of Regs. tit. 15, § 3320(b).  This section provides that disciplinary

7 hearings shall be heard within 30 days from the date the inmate is provided a classified copy of

8 the CDC 115 form.

9         In Wolff v. McDonnell, 418 U.S. 539, 563, 94 S.Ct. 2963, 2679 (1974), the

10 Supreme Court explored the due process requisites for a prison disciplinary hearing and held an

11 inmate is entitled to "advance written notice of the claimed violation and a written statement of

12 the factfinders as to the evidence relied upon and the reasons for the disciplinary action taken." In

13 addition, the inmate may have the right to call witnesses and present documentary evidence when

14 consistent with institutional safety or correctional goals.  Id. at 566, 94 S.Ct. at 2980.  Petitioner

15 does not allege he was denied any of the Wolff protections.

16         Petitioner bases his claim on the institution's purported failure to follow the

17 regulations governing the timing of hearings and notice of charges.  However, the Supreme Court

18 has explained, "[p]rocess is not an end in itself.  Its constitutional purpose is to protect a

19 substantive interest to which the individual has a legitimate claim of entitlement." Olim v.

20 Wakinekona, 461 U.S. 238, 250, 103 S.Ct. 1741, 1748 (1983).  Even assuming the hearing

21 should have been held within thirty days of April 7, 2008, the day the marijuana was found, or

22 that petitioner should have received the CDC 115 within thirty days of that date, his due process

23 claim fails because he has not claimed that these alleged delays rendered the hearing unfair.  He

24 has shown nothing justifying relief on federal habeas corpus.  Bonin v. Calderon, 59 F.3d 815,

25 842 (9th Cir.1995).  For these reasons, the court finds no violation of fundamental fairness if the

26 court does not consider petitioner's claims.

1      Secondly, petitioner is wrong on the facts.  Attached as an exhibit to the petition is

2 a copy of a memorandum to petitioner from Associate Warden Singh dated June 27, 2008.

3 Petition, p. 37-38 of 136.  Associate Warden Singh states that the date the information leading to

4 the charges was discovered by staff was April 13, 2007, when the Security and Investigative Unit

5 confirmed the suspected controlled substance initially found on April 7, 2008, was marijuana.

6 Id.  According to Associate Warden Singh, petitioner received his copy of the CDC 115 on April

7 27, 2007.  Id.  Petitioner's disciplinary hearing was held within thirty days of April 13, 2007, in

8 accordance with § 3320(b).  Therefore, assuming the regulations created a liberty interest, no due

9 process violation occurred because they were not violated.

10      Regarding petitioner's claim that he did not receive timely notice of the charges,

11 Associate Warden Singh cites Cal. Code of Regs. tit. 15, § 3320(a) which provides that a copy of

12 the CDC Form 115 shall be provided to the inmate not later than fifteen days after the date the

13 information leading to the charges was discovered by staff.  Id.  As stated above, Associate

14 Warden Singh states that the date the information leading to the charges was discovered was

15 April 13, 2007.  Id.  Petitioner received his copy of the CDC 115 on April 27, 2007, which was

16 within fifteen days of the date.  Id.  Assuming the regulations created a liberty interest, no due

17 process violation occurred because they were not violated.

18      Accordingly, IT IS HEREBY RECOMMENDED that respondent's August 11,

19 2009, motion to dismiss (no. 10) be granted.

20      These findings and recommendations are submitted to the United States District

21 Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty

22 days after being served with these findings and recommendations, any party may file written

23 objections with the court and serve a copy on all parties.  Such a document should be captioned

24 "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections

25 shall be served and filed within ten days after service of the objections.  The parties are advised

26 \\\\\

that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED:   11/18/09

                                        /s/ Gregory G. Hollows
                                        _____
                                        UNITED STATES MAGISTRATE JUDGE

bart1397.mtd